## Easby's Estate.

*Transfer inheritance tax — Intangible assets of foreign decedent upon ancillary accounting — Orphans' Court without jurisdiction where Auditor General has made assessment—Act of June 20, 1919.*

Where the Auditor General, under § 1 (*b*) of the Transfer Inheritance Tax Act of June 20, 1919, P. L. 521, upon the request of the Pennsylvania ancillary administrators of a non-resident decedent, has made an assessment for taxation, the Orphans' Court is without jurisdiction to award a further tax to the Register of Wills, notwithstanding the fact that the auditing judge, upon the adjudication of the account of the ancillary administrators, distributed the balance, making the award "subject to tax, if any;" hence, a petition by the Register, praying that the hearing on the appeal from his assessment be reopened and that the judge presiding there should reconsider the case and take jurisdiction upon the ground that the next of kin, having asked and obtained distribution within the jurisdiction, the assets were thereby given a domestic character so as to render them liable to domestic taxation, will be dismissed.

Petition of the Register of Wills to reopen adjudication *sur* appeal from assessment of transfer inheritance tax and answer. O. C. Phila. Co., Jan. T., 1922, No. 567.

*Charles S. Schofield*, for petitioner; *L. L. Smith*, contra.

GEST, J., March 7, 1924.—Paul H. Easby died on May 29, 1921, intestate, unmarried and survived by four brothers, a sister, a half-brother and a half-sister, all of whom reside in Pennsylvania, and nearly all in Philadelphia, and also by another brother, who resides in California. The decedent was domiciled in Missouri, and letters of administration were there granted by the Probate Court of Jasper County on July 30, 1921, to the Commerce Trust Company. Ancillary letters of administration were granted by the Register of Wills of Philadelphia on Aug. 15, 1921, to a brother, Francis H. Easby, and Fidelity Trust Company. The estate in this jurisdiction is valued at approximately $89,000, consisting principally of securities and including an automobile valued at $450 and a watch and chain valued at $60.

On July 7, 1922, the ancillary administrators applied to the Auditor General for the appraisement of the estate of Paul H. Easby, a non-resident, taxable in the State of Pennsylvania, and submitted an inventory of the estate therein. The Auditor General, in a letter dated July 10, 1922, stated that under the provisions of the Act of June 20, 1919, § 1 *(b)*, P. L. 521, the assets of the estate subject to tax were the automobile, watch and chain, and subsequently the tax thereon was paid, amounting to $10.40. On March 2, 1922, the ancillary administrators filed their account in the office of the Register of Wills, which was called for audit May 4th and Dec. 7, 1922, by Lamorelle, P. J., who filed his adjudication Jan. 10, 1923. The next of kin requested at the audit

that distribution be made to them, while the administrator at the domicile, the Commerce Trust Company, demanded that the fund be remitted to it. The auditing judge, after taking testimony, reserved $20,000 to be retained by the accountants to meet possible debts, etc., in Missouri, and distributed the balance, the awards being made "subject to tax, if any." No exceptions were filed to the adjudication. A copy of the adjudication was sent by counsel for the accountants to the Auditor General, whose attention was called to the terms of the award and that the same was subject to tax, if any. The Auditor General, being asked for a waiver of tax, replied that the bonds included in the estate could be transferred without the consent of the Auditor General or incurring liability on the part of any one, so far as the Commonwealth of Pennsylvania was concerned. This occurred in January, 1923. On March 14, 1923, the Register of Wills appointed an appraiser to appraise the estate for transfer inheritance tax, and he, on March 16, 1923, assessed the tax at 10 per cent., in the sum of $6769.85, with interest at rate earned from May 29, 1922.

The distributee promptly took an appeal from this appraisement, and the same came on for hearing before Henderson, J., who filed his opinion May 28, 1923, holding that Paul H. Easby died domiciled in Missouri; that section 25 of the Act of June 20, 1919, vested jurisdiction for the appraisement of transfer tax on the estate of non-residents in the Auditor General, and provided for an appeal to the Court of Common Pleas of Dauphin County. Judge Henderson concluded that the assessment had been improperly made in Philadelphia, and that he was without jurisdiction. The assessment was set aside without prejudice to the right of the Commonwealth to proceed in accordance with the Act of 1919, and the record was remitted to the Register of Wills. No exceptions were filed to this decree, but in December, 1923, the Register of Wills presented this petition, praying that the hearing on the appeal be reopened and that the judge presiding there should reconsider the case and take jurisdiction, for the reason that the next of kin having asked and obtained distribution to them of the assets of the estate, the same were given a domestic character so as to render them liable to domestic taxation as though the decedent had died domiciled here, to which an answer was filed denying that the reasons assigned in the petition were sufficient to warrant the reopening of the adjudication.

It is true that in many cases of ancillary administration, where distribution is made by the auditing judge at the request of the parties entitled, we have awarded tax to the Commonwealth as though the estate were that of a resident decedent. This is done on the theory, as stated in Alexander's Estate, 3 Clark, 87, that the parties have elected to consider the fund as being within the Commonwealth for the purposes of distribution, and must on equal principles be regarded as such by the Commonwealth for the purposes of tax, or, as was well stated by the learned counsel for the Commonwealth, the fund is regarded as domesticated here. We recently examined the subject and awarded tax to the Commonwealth in Rutherford's Estate, 1 D. & C. 587, where the decisions are referred to. But in the present case, the Auditor General, under the authority of the Act of 1919, assessed the tax and the same was paid to him. It may be that the Auditor General did not contemplate that the estate would be distributed here; it may be that the next of kin, the parties interested, did not at that time contemplate it; in fact, at the audit their claim was resisted by the domiciliary administrator. It may be that the Auditor General, in assessing the tax as of the estate of a non-resident, might have reserved the right of the Commonwealth to further tax, to be assessed by the Register of Wills of Philadelphia, if the estate were

4 D. & C.

distributed here. However that may be, and whatever may be the present remedy of the Commonwealth, it is clear that the Auditor General assumed jurisdiction and made his assessment, and, so long as that assessment stands, we have no jurisdiction and no authority to award a further tax to the Register of Wills of Philadelphia County. We are, therefore, obliged to dismiss the petition.